IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AMANDA U. AJULUCHUKU,<br><br>　　　　　Plaintiff,<br>v.<br><br>ZIONS BANCORPORATION,<br><br>　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:05cv906<br><br>Judge Dale A. Kimball<br><br>Magistrate Paul M. Warner |

　　　　　This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court is Defendant Zions Bancorporation ("Zions") Motion for Summary Judgment [docket no. 19].  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to Utah local rule 7-1(f), the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

　　　　　In this action, Plaintiff Amanda U. Ajuluchuku ("Plaintiff") alleges that she went into a branch of Nevada State Bank ("NSB") located on Maryland Parkway in Las Vegas, Nevada, and that she attempted to open a savings account and have a document notarized.  Plaintiff contends that NSB would not open the requested account because she presented an out-of-state picture ID and would not provide the requested notarization because she did not have an account with NSB. Plaintiff alleges that because she was carrying a cane at the time of these events, she was discriminated against in violation of Title II of the Civil Rights Act of 1964 and Title III of the

Americans with Disabilities Act ("ADA").  She asserts that she is entitled to a nine trillion dollar judgment for the alleged discrimination.

Zions contends that Plaintiff's complaint should be dismissed because she has failed to state a claim against it.  The court agrees.  The alleged discrimination was committed by an employee of NSB, not of Zions.  The only relationship between NSB and Zions is that Zions holds 100% of the shares of NSB and is thus the parent corporation of NSB.  Plaintiff has not alleged facts sufficient to hold Zions liable for the acts of its subsidiary.  Specifically, Plaintiff has failed to establish that (1) NSB is a mere instrumentality or alter ego of Zions, and/or (2) the use of the separate corporate structures somehow results in fraud, illegality, or inequity.  *See Key v. Liquid Energy Corp.*, 906 F.2d 500, 503 (10th Cir. 1990).

Furthermore, even if Plaintiff could establish that Zions is somehow liable for the actions of NSB, Plaintiff has failed to state a claim under either Title II of the Civil Rights Act of 1964 or Title III of the ADA.  Plaintiff is only seeking money damages and not injunctive relief.  Monetary relief is not available as a remedy for a violation of Title II of the Civil Rights Act of 1964.  *See* 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968).  It is also well-established that Title III of the ADA does not provide for a private cause of action for damages.  42. U.S.C. § 12188(a)(1) (providing that remedies under Title III are the same as those outlined in 42 U.S.C. § 2000a-3(a), which do not permit recovery of monetary damages).  Accordingly, because Plaintiff is seeking only monetary damages, it is RECOMMENDED that Zions's Motion for Summary Judgment be GRANTED and that Plaintiff's ADA and Civil Rights Act claims be DISMISSED with prejudice for failure to state a claim.

Plaintiff has repeatedly filed cases of this nature throughout the United States. In *Ajuluchuku v. Yum! Brand, Inc., LTD.*, 2006 WL 1523218 (W.D. Ky. 2006) [docket nos 36, 37], the court conducted a survey of the dockets of the United States district courts and found that Plaintiff had filed 192 separate civil complaints in various district courts across the country in less than a three-year period. In most of the cases Plaintiff sought to proceed *in forma pauperis*. The court found that the overwhelming majority of Plaintiff's cases were dismissed as frivolous and lacking any merit whatsoever. Based on Plaintiff's numerous filings, the court found that Plaintiff "intentionally and knowingly filed a frivolous lawsuit that she knew lacked any merit whatsoever when she applied for *in forma pauperis* status" in violation of 28 U.S.C. § 1915(e)(2)(B). Accordingly the court prohibited Plaintiff from proceeding *in forma pauperis* in any future action in the Western District of Kentucky. Based on the foregoing, it is also RECOMMENDED that Plaintiff be placed on the restricted filers list barring her from filing any lawsuits in the District of Utah without leave of court.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 25th day of August, 2006.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge